UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SHAUN ALEXANDER,

                Plaintiff,

v.                                                        Case No. 24-cv-748-pp

CROWN AND COMMON BAR AND GRILL, *et al.*,

                Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 9)**

---

On July 23, 2024, the court dismissed plaintiff Shaun Alexander's *pro se* complaint under 42 U.S.C. §1983 because it did not name a proper defendant and failed to state a claim. Dkt. No. 7. The court explained that the complaint "does not allege that any defendant was acting under color of state law. The complaint alleges only that private persons banned the plaintiff and other members of his motorcycle club from their restaurant. That does not state a claim under §1983." Id. at 6. Because the court was certain that the plaintiff could not allege additional facts that would state a claim under §1983, the court did not permit the plaintiff to file an amended complaint. Id. at 7.

A week later, on July 30, 2024, the court received the plaintiff's motion for reconsideration under Federal Rule of Civil Procedure 59. Dkt. No. 9. The plaintiff asserts that the court "did not grant due deference to the plaintiff as a pro se litigant where she could have recognized that civil rights were violated and applied the proper pleading in this case." Id. at 1. The plaintiff contends

that the court should not have screened his case under 28 U.S.C. §1915 and §1915A. Id. at 2. He says that because his lawsuit sought relief "against a non-governmental entity . . . [t]he PLRA standards, such as exhaustion of remedies and screening, do not apply to" his complaint. Id.

The plaintiff also asserts "that if §1983 was not and is not the proper avenue" for his claim against the private parties he sued, "then this court could have corrected the court of action or required [the plaintiff] to file an amended complaint." Id. He cites cases that he says stand for the proposition that the court could have "correct[ed]" his complaint and treated it "as if the litigant had used the right procedural tool." Id. at 3 (quotations omitted). He asserts that his complaint "raised a clear cut claim of discrimination pursuant to 42 USCA 2000A [*sic*]" that the court should have allowed to proceed. Id. He reiterates that the court "is required to apply a liberal construction to a pro se litigant claim, no matter how inartfully pleaded." Id. He says he met the proper pleading standard for a claim under 42 U.S.C. 2000a, "and the defendants DID engage in discrimination contrary to law." Id.

Under Federal Rule of Civil Procedure 59(e), a party may move to alter or amend a judgment within twenty-eight days of entry of judgment. A court may grant a Rule 59(e) motion only if the moving party can "clearly establish" either newly discovered evidence or a manifest error of law or fact warranting relief. Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006) (citing Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1122 n.3 (7th Cir. 2001), and Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000)).

A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). "Relief under Rule 59(e) is an 'extraordinary remed[y] reserved for the exceptional case.'" Vesey v. Envoy Air, Inc., 999 F.3d 456, 463 (7th Cir. 2021) (quoting Gonzalez-Koeneke v. West, 791 F.3d 801, 807 (7th Cir. 2015)).

The plaintiff has not demonstrated that he is entitled to this extraordinary relief. First, the plaintiff is incorrect that §1915 does not apply to him. As the court explained in the screening order, the plaintiff was incarcerated at a correctional facility when he filed his complaint, so the court was *required* to screen his complaint before allowing it to proceed. See Dkt. No. 7 at 1–2 (citing 28 U.S.C. §1915(h) and 28 U.S.C. §1915A(a)). The court also has "the power to screen complaints filed by all litigants, prisoners and non-prisoners alike," which applies regardless of whether the defendants are governmental entities, officers or employees. Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999) (citing 28 U.S.C. §1915(e)(2)(B)). That the plaintiff sued non-government defendants does not impact the PLRA's effect or the court's power to screen his complaint.

The plaintiff also is mistaken about the court's obligation to him as a *pro se* litigant. As the court explained in the screening order, the court was required to review his complaint under "a less stringent standard than pleadings drafted by lawyers." Dkt. No. 7 at 3 (citation omitted). The court's obligation to liberally construe the complaint does not mean the court must

choose the statute under which the plaintiff brings his complaint or his cause of action. "A plaintiff is the master of his own complaint." Mordi v. Zeigler, 870 F.3d 703, 707 (7th Cir. 2017). That means *the plaintiff* must decide what cause of action to pursue and the legal vehicle for that claim. The plaintiff's complaint is titled "Civil Complaint under 42 U.S.C.A. 1983." Dkt. No. 1 at 1. It alleges violations of constitutional amendments, 42 U.S.C. §1981 and state law. Id. at 2–3. Nowhere does the complaint mention 42 U.S.C. §2000a or suggest that the plaintiff sought to proceed under that statute. The court screened the complaint the way it screens all §1983 complaints brought by *pro se* incarcerated litigants. The court had no obligation to read the plaintiff's §1983 complaint as seeking relief under a different federal statute. The plaintiff offers nothing to suggest the court improperly applied the law or dismissed his complaint for want of a proper state-actor defendant under §1983.

Even if the court had construed the plaintiff's complaint as alleging a cause of action under §2000a, that claim would have failed. Title II of the Civil Rights Act of 1964, codified at 42 U.S.C. §2000a, prohibits discrimination in places of public accommodation on account of "race, color, religion, or national origin." 42 U.S.C. §2000a(a). The "exclusive civil remedy for violations of Title II is injunctive relief." Jacobs v. Schermitzler, Case No. 22-C-386, 2022 WL 17361709, at *3 (E.D. Wis. Dec. 1, 2022) (citing 42 U.S.C. §2000a-3 and Newman v. Piggie Park Enters., Inc., 390 U.S. 400, 402 (1968)). The plaintiff alleged discrimination of the basis of his "creed and social association," which are not protected grounds under §2000a, and he sought only monetary

4

Case 2:24-cv-00748-PP    Filed 10/07/24    Page 4 of 5    Document 10

damages, which are not available under that statute. Nor did the plaintiff allege that he complied with the notice provisions of Title II, which meant the court would have had no jurisdiction over his putative Title II claims. Id., at *4 (citing §2000a-3(c); and Caldwell v. Klemz, Case No. 14-CV-455, 2017 WL 4620693, at *11 (N.D. Ind. Oct. 12, 2017)). The plaintiff has not shown that the court committed a manifest error of law or fact, and his request for reconsideration would be futile if granted.

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 9.

Dated in Milwaukee, Wisconsin this 7th day of October, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**